# WEATHERMAN ∘

*v.*

## COMMONWEALTH.

*(Supreme Court of Appeals of Virginia, June 14, 1894.)*

[19 S. E. Rep. 778.]

**Criminal Law—Murder—Indictment.***

An indictment for murder, which charges that J. W., the defendant, "in and upon M., feloniously, willfully, and of his own motion aforethought did make an assault, and that J. W., with a certain ax, in his hands then and there held, the said M. * * * then and there feloniously and of his malice aforethought did strike, * * * giving to the said M. * * * two mortal wounds, * * * whereby then and there she died * * *," is not defective because it does not contain the words "deliberate" and "premeditated."

**Same—Same—Case at Bar.**

Defendant had been drinking, came home, and called for his pistol, and, not getting this, threatened his wife with a large knife, which she got and hid. He then got an ax, and inflicted two wounds, from which she died. He was not on good terms with her, and did not show signs of being very drunk: *held*, that a verdict of murder in the first degree was justified.

Error to circuit court, Carroll county; S. W. Williams, Judge.

One Weatherman was found guilty of murder in the first degree, and to a judgment entered on the verdict brings error. Affirmed.

*See monographic note on "Indictments, Informations and Presentments" appended to Boyle *v.* Com., 14 Gratt. 674 (Va. Rep. Anno.).

*W. B. Tompkins,* for plaintiff in error.

*R. Taylor Scott, Atty. Gen.,* for the Commonwealth.

LACY, J., delivered the opinion of the court.

The indictment was found and returned on the 21st of December, 1891. At the March term following he elected to be tried in the circuit court. At the April term the plaintiff in error was tried in the circuit court of Carroll, and convicted and sentenced for murder in the first degree, and he applied for and obtained a writ of error to this court.

The first assignment of error is that the indictment is insufficient as a charge of murder in the first degree, because he says the indictment may be searched in vain to find the words "deliberate" and "premeditated." The indictment charges murder,—that he in and upon Malinda Weatherman, feloniously, willfully, and of his motion aforethought, did make an assault, and that John Weatherman, with a certain ax, in his hands then and there held, the said Malinda Weatherman in and upon the back side of the head and the right side of the head, near the temple of her, the said Malinda Weatherman, then and there feloniously and of his malice aforethought did strike, cut, and bruise, giving to the said Malinda Weatherman then and there, with the ax aforesaid, in and upon the back side of the head, near the temple of her, the said Malinda Weatherman, two mortal wounds. These wounds are set forth as two inches wide and three inches deep, whereby then and there she instantly died. And so the jurors aforesaid, upon their oaths aforesaid, do say that the said John Weatherman her, the said Malinda Weatherman, in manner and form aforesaid, feloniously, willfully, and of his malice aforethought did kill and murder, against the peace and dignity of the commonwealth of Virginia. This is a good indictment for murder.

It could not have been better drawn, and there is no sound objection that can be raised to it.

It is next assigned as error that the court overruled the motion of the plaintiff in error to set aside the verdict because the said verdict is not sustained by the evidence. This assignment will not stand an instant upon an inspection of the record. The wife was innocent of any conscious offense, patient, and long-suffering. The convicted man bears testimony to this ; in an unguarded moment saying, when he felt the pressure of the thongs with which he was bound after the murder, "If she were here, she would not suffer this,"—would not permit him to be hobbled up that way. Why was she his first thought when he got into trouble ? Why did he think first of her when he found himself in need of a protector ? It suggests the thought that in the years now gone by she had shielded and befriended him, helped and protected him when helpless in his drunken sprees. This wife, guiltless of all offense towards him, was at home with her little children. He came home drunk somewhat ; hid his bottle, not yet emptied, in the grass ; came in, and called for his pistol, giving a frivolous reason for wishing it. Not getting this, his wife was threatened with a large knife. She got that first, and hid it. He went on to the wood pile, got the ax, and came along, sharpening it with a rock. In the presence of his little children, his wife having come downstairs, now standing by the table, he stepped up to her behind, and sunk the ax into her head three inches, deep in the back part of her head. She fell, fatally wounded and unconscious ; but he was not satisfied, and drove the ax in the head again, and inflicted four wounds before he stopped. It was proved that he was angry, and on bad terms with his wife before that, and had threatened to kill her, to others. Having accomplished his purpose, he walked to the depot, near, and told the witnesses that he had killed his wife with an ax, and that he did not

know what to do. If he stayed he would be lynched, and if he tried to get away he had no money. He was drinking, but not unconscious, and did not show drunkenness, except by the smell upon his breath. This was a most coldblooded and deliberate murder, and the trial court was right to overrule the motion to set aside the verdict and grant to him a new trial. The instructions to the jury asked for by the defendant were substantially given, and those that were given are correct, and there is no error in this action of the trial court. Upon the whole case there is no error, and the judgment of the circuit court will be affirmed.